UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENSLEY,

                Plaintiff(s),

v.

UNITED STATES OF AMERICA,

                Defendant(s).

NO. C04-302P

ORDER ON MOTION TO DISMISS CERTAIN OF THE GOVERNMENT'S AFFIRMATIVE DEFENSES

The above-entitled Court, having received and reviewed:

1. Motion to Dismiss the Government's Affirmative Defenses Regarding Plaintiffs' Alleged Non-compliance with FTCA

2. United States' Opposition to Plaintiffs' Motion to Dismiss Affirmative Defenses

3. Plaintiffs' Reply in Support of Motion for Judgment on the Pleadings

4. Defendant United Services Automobile Association's and USAA Casualty Insurance Company's Reply in Support of Plaintiffs' Motion for Judgment on the Pleadings

and all pleadings relevant thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**Background**

Following removal of this case to federal court, the government moved for dismissal of the complaint on the grounds that Plaintiffs had failed to exhaust their administrative remedies by filing an administrative claim within the time period required by the Federal Tort Claims Act (FTCA). This Court denied the motion, holding that "if a civil action is instituted within the applicable state limitations period, an FTCA claim does not accrue for limitations purposes until the Plaintiff knows or

**ORD ON MTN FOR
JMT ON PLEADINGS - 1**

1 should have known that the alleged tortfeasor was acting within the scope of federal employment."
2 Dkt. No. 27, p. 1.

3 Plaintiffs' motion for a stay was granted to enable them to file an administrative claim; the
4 claim was filed and denied. Following the denial, the case returned to District Court and the
5 government filed its answer to Plaintiffs' Second Amended Complaint. Dkt. No. 42. It is a number of
6 the affirmative defenses contained in that answer that Plaintiffs seek to dismiss.

7 **Discussion**

8 Plaintiffs' claim is that, of the government's twenty-nine affirmative defenses, nine (No's 1-8
9 and No. 10) concern the court's lack of subject matter jurisdiction and the statute of limitations issue.
10 Their argument is that, this Court having previously ruled on those issues in the motion to dismiss, the
11 "law of the case" doctrine prohibits reconsideration of them unless: (1) the first decision was clearly
12 erroneous; (2) the law has changed; (3) there is new evidence; (4) other changed circumstances exist;
13 or (5) a manifest injustice would result. Thomas v. Bible, 983 F.2d 152, 154-55 (9th Cir. 1997) (*cert.*
14 *denied* 508 U.S. 951 (1983)).

15 However, as both parties point out, the "law of the case" doctrine is a "guide to the exercise of
16 [the Court's] discretion." Arizona v. California, 46 U.S. 605, 618 (1983). This is not the juncture in
17 this litigation at which to exercise that discretion. The Court's earlier ruling was made in the context
18 of a FRCP 12(b) motion to dismiss on the pleadings – the facts of the case had not been developed and
19 the non-moving party's allegations were assumed to be true. It would be a "manifest injustice" to bind
20 the government to that holding before it has had a chance to develop its theory of the case through the
21 discovery process. Once discovery is completed, either side is free to bring a summary judgment
22 motion if they believe that the undisputed facts of this case (combined with the Court's earlier ruling)
23 entitle them to prevail. This is not the stage of the case at which to make that determination.

24
25
26 **ORD ON MTN FOR**
**JMT ON PLEADINGS - 2**

Plaintiffs have also moved to strike declarations filed by the government in association with their response to Plaintiffs' motion; alternatively, they seek to convert their motion to one for summary judgment. The Court recognizes that extrinsic materials are inappropriate when considering a motion for judgment on the pleadings, and the instant decision was reached without reference to the defense declarations.

**Conclusion**

The Court declines to exercise its discretion to apply the "law of the case" doctrine at this juncture in the case, and Plaintiffs' motion will be DENIED. The parties are free to bring summary judgment motions based on the Court's earlier ruling either during or following the discovery process, as they see fit.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: November __1__, 2005

_Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR
JMT ON PLEADINGS - 3**