UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENSLEY,

                Plaintiff(s),

v.

UNITED STATES OF AMERICA, et al.,

                Defendant(s).

NO. C04-302P

ORDER ON MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AS TO DEFENDANTS EICH, USAA-CIC AND USAA

The above-entitled Court, having received and reviewed:

1. Motion to Dismiss Plaintiffs' Second Amened Complaint as to Defendants Eich, USAA-CIC and USAA

2. Plaintiffs' Opposition to Eich's, USAA's and USAA-CIC's Motion to Dismiss

3. Defendants Eich, USAA-CIC and USAA Reply in Support of Their Motion to Dismiss

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED IN PART; Defendants Eich and USAA-CIC are hereby DISMISSED from the above-entitled case.

IT IS FURTHER ORDERED that the motion is DENIED IN PART; Defendant USAA will not be dismissed as a defendant from the above-entitled case.

**Discussion**

Defendants Eich, USAA-CIC and USAA move to dismiss Plaintiffs' complaint on several grounds. It does not appear that Plaintiffs contest two of those grounds, and on that basis the Court adopts Defendants' arguments and dismisses Defendant Eich and Defendant USAA-CIC.

Regarding the tort claims arising out of the automobile accident, the United States of America is the only proper defendant, having substituted in for Defendant Eich at the point of removal to

**ORD ON MTN
TO DISMISS - 1**

federal court (Dkt. No. 8). Plaintiffs' automobile tort claim falls under the Federal Tort Claims Acts ("FTCA") 28 U.S.C. §2679, which provides in relevant part that the remedy against the United States for the negligent acts of any employee of the government operating within their scope of employment is exclusive of any other civil action or proceeding for money damages. Id. at §2679(b)(1). Defendants' motion also appears to seek the dismissal of the insurance company defendants from the negligence claims arising out of the automobile accident, but since the complaint does not name them in the auto tort claim that portion of the motion is moot. Defendant Eich will, however, be dismissed.

Defendant USAA-CIC also seeks dismissal on the grounds that no policy was issued to Defendant Eich under its name. Plaintiffs do not controvert this assertion in their response and on that basis the Court finds that it has no jurisdiction over USAA-CIC. That defendant will also be dismissed from this litigation.

Defendant USAA also seeks dismissal of Plaintiffs' claim of negligent misrepresentation and it is that position which Plaintiffs contest vigorously. The claim arises out of Plaintiffs' allegations that they were mislead by USAA regarding the applicable statute of limitations for their claim; i.e., in failing to advise them of the possibility of a claim under the FTCA, with its two-year statute of limitations, Plaintiffs have been placed in jeopardy of forfeiting their rights to redress. The moving papers put forward Defendants' argument that,

> since the Court ruled in plaintiffs' favor on the two-year statute of limitations, the causal connection [between USAA's representations and any possible injury to Plaintiffs arising therefrom] is broken. Now, the alleged misrepresentation has not affected plaintiffs' claim against the U.S.A., so there is no proximate cause."

Def Mtn, p. 13.

The defense argument overstates the effect of the Court's ruling regarding the government's motion to dismiss, which merely rejected the government's argument that, without having to prove that Plaintiffs knew or should have known that Lt. Eich was acting within the scope of his federal employment, they were entitled to an automatic dismissal based on the fact that two years had elapsed

**ORD ON MTN**
**TO DISMISS  - 2**

1  since the accident. The issue of whether Plaintiffs had or should have had the requisite knowledge is
2  still an open one, and with it the issue of whether any representations by USAA regarding the nature
3  of Plaintiffs' claim were negligent and/or the proximate cause of any injury to the Hensleys.

4  More to the point are the parties' arguments about whether this Court should exercise
5  supplemental jurisdiction over Plaintiffs' state law claims against Defendant USAA. Defendant
6  USAA's argument that USAA is entitled dismissal because diversity jurisdiction is absent between
7  Plaintiffs and the insurance company ignores the plain language of 28 U.S.C. §1367(a): "[T]he district
8  courts shall have supplemental jurisdiction over <u>all</u> other claims that are so related to claims in the
9  action within such original jurisdiction that they form part of the same case or controversy under
10 Article III of the United States Constitution." (Emphasis supplied.) There is nothing in the language
11 of the statute (and Defendant provides no other authority) to suggest that parties over which the Court
12 exercises supplemental jurisdiction must have an independent basis for federal jurisdiction as well.

13 In fact, case law is to the contrary. As long as the state claims are sufficiently related to the
14 federal claims to constitute part of the "same case or controversy" cited in the statute, the Ninth
15 Circuit has decreed that "the doctrine of pendent jurisdiction. . . permits the district court to resolve all
16 claims asserted by the plaintiff which arise out of the same core of operative facts that form the basis
17 of the action over which the federal court already has jurisdiction." <u>Danner v. Himmelfarb</u>, 858 F.2d,
18 515, 522 (9th Cir. 1988).

19 Regarding whether Plaintiffs' claims against USAA form part of the "same case or
20 controversy," it is well-established that the state and federal claims must arise from "a common
21 nucleus of operative facts" which would ordinarily be tried in a single proceeding. <u>United
22 Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966); *see also* <u>Kirschner v. Klemons</u>, 225 F.3d
23 227, 239 (2nd Cir. 2000); <u>Lyon v. Whisman</u>, 45 F.3d 758, 760 (3rd Cir. 1995)

**ORD ON MTN
TO DISMISS - 3**

USAA cites <u>Serrano-Moran v. Grau-Gaztambide</u>, 195 F.3d 68 (1st Cir. 1999) in support of their argument that the circumstances of the instant case do not support the exercise of supplemental jurisdiction.  In <u>Serrano-Moran</u>, the First Circuit upheld a district court's refusal to exercise supplemental jurisdiction in a case where plaintiffs attempted to join the federal claims against police officers who allegedly beat their son to death with state claims of medical malpractice against the treating physicians.  Under the facts of that case, the district court correctly

> found that the claims against the medical defendants did not share a common nucleus of operative facts with the claims against the police because the facts relevant to the civil rights claim were entirely separate from the facts relevant to the malpractice claim, and because there was a temporal break between the two sets of facts.

<u>Id.</u> at 69.

In the facts presented by Plaintiffs in this case, the Court does not find that the facts relevant to the auto tort claim are "entirely separate" from the facts relevant to the negligent misrepresentation claim. The Court is mindful of the holding in <u>Baer v. First Options of Chicago, Inc.</u>, 72 F.3d 1294 (7th Cir. 1995), concerning 28 U.S.C. §1367:

> The statute extends the jurisdiction of the federal district court to all claims sufficiently related to the claim on which the original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. . . <u>A loose factual connection between the claims is generally sufficient.</u>

<u>Id.</u> at 1299 (emphasis supplied).

In discussing the basis of the "same case or controversy" analysis, <u>Baer</u> points the way back to <u>United Mine Workers</u> as the foundation for the test, and it is that language which most inclines this Court to exercise its discretion in favor of conferring supplemental jurisdiction on Plaintiffs' claims:

> The state and federal claims must derive from a common nucleus of operative fact.  But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in

**ORD ON MTN**
**TO DISMISS - 4**

> one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

383 U.S. 715, 725.

The Court finds that the federal issues presented by Plaintiffs' FTCA claims are substantial and that the facts concerning the automobile collision, plaintiffs' investigation into possible remedies (including their discussions with Defendant USAA) and the government's potential statute of limitations defense are sufficiently interrelated that principles of judicial economy and jurisprudence would dictate that all the claims be tried in a single proceeding.  On that basis, the Court chooses to exercise supplemental jurisdiction over Plaintiffs' related state claims.

**Conclusion**

Defendant Eich will be dismissed based on the principles of exclusivity embodied in the Federal Tort Claims Act.  Defendant USAA-CIC will be dismissed because there is no evidence that they issued any policies which are implicated under the facts of this case.  The Court will exercise supplemental jurisdiction over the negligent misrepresentation claim against Defendant USAA and that party's motion to dismiss will be denied.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January _13_, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN
TO DISMISS - 5**