UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA and MICHAEL HENSLEY,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

NO. C04-302P

ORDER ON DEFENDANT USA'S MOTION TO DISMISS

This matter comes before the Court on Defendant USA's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having reviewed all the pleadings and supplementary materials, the Court DENIES Defendant's Motion. Defendant argues that this Court has no jurisdiction over Plaintiff's claim under the Federal Tort Claims Act because Plaintiffs did not first file an administrative claim with the USA within two years of the injury. Defendant further argues that equitable tolling in this case is not appropriate. However, Defendant's arguments do not apprehend that the controlling law is the law of this case as set forth in this Court's September 21 Order. This is not an equitable tolling case, and Plaintiffs have carried their burden of establishing this Court's jurisdiction under the rules set forth in this Court's previous order.

**Background**

Plaintiff Pamela Hensley was injured in an automobile accident at the Whidbey Island Naval Air Station which she alleges was caused by Lieutenant Edward Eich, a member of the U.S. Navy. (2nd Am. Compl. at 2). Defendant USA was substituted as the party defendant for Edward and "Jane Doe" Eich after the U.S. Attorney General certified that Lt. Eich was acting in the course and scope of his employment at the time of the accident. (See Notice of Substitution and Mot. to Dismiss at 1, dated Mar. 29, 2004; Order on Mot. to Dismiss dated Sept. 21, 2004).

ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 1

1   The accident occurred near the front gate of the Naval Air Station. (See Mot. to Dismiss, Ex.
2   1, Dep. of Pamela Hensley at 3). Lt. Eich was on duty and in uniform (id. at 1-2), but he was driving
3   his personal vehicle, (Pl. Opp'n at 3). After the accident, Hensley was taken to the a naval hospital
4   where a military police officer provided her with a Vehicle Information Exchange Sheet that had Lt.
5   Eich's name and contact information. (Mot. to Dismiss at 2). The officer also told her to contact Lt.
6   Eich's private insurer, Defendant USAA. (See Order on Mot. to Dismiss dated Sept. 21, 2004 at 2).
7   Hensley claims that USAA representatives told her several times that Washington's statute of
8   limitations is three years and that she had plenty of time to file suit. (Decl. Hensley dated Apr. 19,
9   2004, at 2-4). Hensley did not present an administrative claim to the USA, but instead filed suit in
10  state court within the Washington statute of limitations, but outside the FTCA's statute of limitations.

11  After this Court denied Defendant's last motion to dismiss, Pamela Hensley admitted at her
12  deposition that she noticed Lt. Eich was in uniform after the accident. (Mot. to Dismiss at 2). She
13  also said that the officer at the hospital told her to contact her own insurance carrier, but later
14  corrected her testimony to reflect that she was told to contact Lt. Eich's carrier, explaining that she
15  was confused because both she and Lt. Eich have the same insurance carrier. (See Pl. Opp'n at 2).

**Analysis**

17  This Court previously held that "in the circumstances where a plaintiff cannot reasonably be
18  expected to realize that a cause of action lies under the FTCA, it is sufficient for federal jurisdictional
19  purposes that, prior to removal to federal court, the suit is instituted within the limitations period" set
20  forth by applicable state law. (Order on Def's. Mot. to Dismiss dated Sept. 21, 2004 at 7). The Court
21  also held that a claim under the FTCA does not "accrue" for purposes of the statute of limitations in §
22  2401(b) until the plaintiff knows or reasonably should know that the alleged tortfeasor was acting
23  within the scope of his or her federal employment. (Id.). The September 21 Order is the law of this
24  case. See United States v. Phillips, 367 F.3d 846, 856 (9th Cir. 2004) ("issues that a district court
25  determines during pretrial motions become law of the case.").

26  ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 2

1     While the USA does not appear to be moving for reconsideration of the September 21 Order,
2  it does not seem to grasp the governing law or the procedural posture here. Because it repeats the
3  argument it made previously against jurisdiction and focuses on equitable tolling, a clarification of this
4  Court's ruling may be appropriate.

5     In the September 21 Order, this Court was persuaded by the decision in Kelley v. United
6  States, where the court rejected a challenge to jurisdiction on facts very similar to those in the instant
7  case, holding that "Congress could not have intended the [FTCA] to require that "a plaintiff must have
8  filed a[n] [administrative] claim he did not know he had." 568 F.2d 259, 266 (2nd Cir. 1978). This
9  Court found Kelley to support its view that it would be unjust to "penalize plaintiffs for their failure to
10 file an administrative claim which they could not reasonably be expected to know they had." (Order
11 dated Sept. 21, 2004 at 6).

12    Defendant USA's only acknowledgment of the reasoning in this Court's prior order is its
13 assertion that the Second Circuit in Celistine v. Mount Vernon Neighborhood Health Center
14 recognized that Kelley was abrogated by passage of the Westfall Act, Pub.L. 100-694, 102 Stat. 4563
15 (1988). (See Reply at 2, citing Celistine, 403 F.3d 76, 83 (2nd Cir. 2005)). However, the Celistine
16 court also held that the Westfall Act did not entirely supersede Kelley. 403 F.3d at 84. It explained
17 that where a plaintiff has sued a tortfeasor that she does not know was acting as an agent of the USA,
18 and files suit outside the FTCA's statute of limitations but still inside a state statute of limitations that
19 is longer than the limitations period of the FTCA, the reasoning of Kelley is still valid. Id.

20    Therefore, Celistine clearly articulates the basis of this Court's prior ruling. Washington's
21 statute of limitations is three years, RCW 4.16.080(2), and Plaintiff has diligently pursued her rights by
22 bringing suit within that time frame, albeit outside the FTCA's two year limitations period. Under
23 such circumstances, it would be unjust and inconsistent with the purpose of the FTCA to deny her a
24 forum because she did not file an administrative claim that she has sufficiently established she did not
25 know she had. See Celistine, 403 F.3d at 83, quoting Kelley, 568 F.2d at 265-68.

26 ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 3

1   Nevertheless, instead of looking to the law of this case, Defendant argues that general equitable tolling principles should be applied here. (See e.g., Mot. to Dismiss, 6-10; Reply, 4-5). Defendant relies on Dyniewicz v. United States, 742 F.2d 484 (9th Cir. 1984) to argue that Plaintiffs' claims are time-barred because their causes of action accrued on the date of injury, not when they realized Lt. Eich was acting in the course and scope of his employment. (Id. at 6-8). However, the authorities cited by the USA are inapposite.

The Dyniewicz court held as it did based on the general rule in tort law that the claim accrues at the time of injury, but it also noted that in certain cases, usually involving medical malpractice, the claim may not accrue until the plaintiff knows or should know of both the injury and its cause. 742 F.2d at 486. The instant case falls closer to the medical malpractice exception than the general rule, as it is one of a "sub-class of [FTCA] cases ... in which a driver of a motor vehicle who is a federal employee is sued individually because the plaintiff ... did not understand that the employee was on federal business at the time of the accident." (See Order dated Sept. 21, 2004 at 3-7, quoting Kelley, 568 F.2d 259, 262 (2nd Cir. 1978)). The rationale in such cases is that there are some subsets of torts cases where it is inequitable to hold a plaintiff to a strict accrual rule. For this reason, and the reasoning set forth in this Court's September 21 Order, general equitable tolling and accrual precedents are not applicable here.

In evaluating a motion to dismiss under 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Once the moving party has submitted affidavits or identified the evidence before the Court that it relies on, the party opposing the motion must also submit affidavits or other evidence to carry its burden of showing that the Court does in fact have jurisdiction. See Ass'n of American Med. Colls., 217 F.3d 770, 778-79 (9th Cir. 2000)

ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 4

1   Dismissal is no more appropriate now than it was the first time the USA brought this motion.
2   The USA argues that Plaintiff did not undertake reasonably diligent efforts to discover Lt. Eich's
3   employment status, and that Pamela Hensley's correction of her statement at deposition reveals she
4   was not mislead by the military police officers.  (See Mot. to Dismiss at 10).  However, Defendant's
5   only new facts are that Plaintiff noticed that Lt. Eich was in uniform after the accident, and that she
6   corrected her deposition testimony.  While the latter might support Defendant's erroneous equitable
7   tolling argument, neither of these two facts are conclusive on the issue of Plaintiff's knowledge.

8   In opposing the USA's motion, Plaintiff Pamela Hensley declares, and Defendant USA has not
9   controverted, that she was only given a Vehicle Information Sheet that disclosed nothing about Lt.
10  Eich's employment.  (Pl. Opp'n at 2).  Furthermore, she declares that she relied on the representations
11  of USAA representatives that she had three years to file suit in state court under Washington law.
12  (Decl. Hensley dated Apr. 19, 2004, at 2-4).  Given these facts, together with the undisputed facts that
13  Lt. Eich was driving his own vehicle and the accident occurred near the exit of the Naval Air Station,
14  this Court finds that Plaintiffs have carried their burden of proving that they did not know and should
15  not have reasonably known that Lt. Eich was acting in the course and scope of his federal employment
16  until the Attorney General formally declared that such was the case.

17  ////////////////////////////////////////////////////////////////
18  ////////////////////////////////////////////////////////////////
19  ////////////////////////////////////////////////////////////////
20  //////////////////////////////////////////////
21  //////////////////////////////////////////////
22  /////////////////////////////////////////////
23  /////////////////////////
24  /////////////////////////
25  /////////////////////////

26  ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 5

**Conclusion**

The USA has produced no new evidence that Plaintiffs knew or should have known that Lt. Eich acted in the course and scope of his employment at the time of the accident, and Plaintiffs have sufficiently established that they did not and should not have known until the USA became a party. Accordingly, this Court has jurisdiction under the FTCA and Defendant's Motion is DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: March 13, 2006

_/s/ Marsha J. Pechman_

Marsha J. Pechman

U.S. District Judge

ORDER ON DEFENDANT USA'S MOTION TO DISMISS - 6